UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD R. CIUFFA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV1206  CDP |
| | ) | |
| WACHOVIA SECURITIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the motion to dismiss or alternatively for summary

judgment of Defendant Wachovia Securities, Inc.  Ciuffa's *pro se* complaint raises

allegations of age and disability discrimination and constructive discharge in

violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* and

the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*  Wachovia's motion

asserts that Ciuffa failed to timely file a charge of discrimination with the EEOC.

Because Wachovia has failed to address Ciuffa's allegations of a continuing

violation, I will deny Wachovia's motion.

## Background

Ciuffa was hired by Wachovia's predecessor corporation, Prudential

Securities, in 2000 and was employed by Wachovia until March 16, 2005.  Among

other things, Ciuffa's complaint asserts that he was constructively discharged by

Wachovia and that following his discharge, Wachovia continued to retaliate against him by willfully releasing false arrest information to prospective employers.

On May 8, 2006, Ciuffa filed a charge of discrimination with the EEOC. In that charge, he asserts that the latest date of discrimination was March 16, 2006. On May 15, 2006, the EEOC mailed him a right to sue letter, and the present action was filed on August 11, 2006.

## Discussion

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). When considering a motion pursuant to Rule 12(b)(6), the factual allegations of a complaint are assumed true and are construed in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). The allegations of *pro se* complaints are to be construed liberally. Stringer v. St. James R-1 School Dist., 446 F.3d 799, 802 (8th Cir. 2006).

When ruling on a motion to dismiss, a court must primarily consider the

allegations contained in the complaint, but other matters referenced in the complaint may also be taken into account. <u>Deerbrook Pavilion, LLC, v. Shalala</u>, 235 F.3d 1100, 1102 (8th Cir. 2000). "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c).

Alternatively, Wachovia has requested that this court grant it summary judgment. In determining whether summary judgment should issue, I must view the facts and inferences from the facts in the light most favorable to plaintiff. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Defendants have the burden to establish both the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Once defendants have met this burden, plaintiffs cannot rest on the allegations in their pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e).

## Discussion

Under the ADA and the ADEA, Ciuffa must exhaust his administrative remedies by filing a charge of discrimination with the EEOC "within three hundred (300) days after the alleged unlawful practice occurred." 42 U.S.C. § 12117(a); 29 U.S.C. § 621 *et. seq.*; <u>Boersig v. Union Electric Co.</u>, 219 F.3d 816, 821 (8th Cir.

2000).  Wachovia asserts that he failed to do so because his employment ended on

March 16, 2005, and he did not file a charge of discrimination with the EEOC until

May 8, 2006.

The exhaustion requirement gives notice of all claims of discrimination, and

"administrative complaints are interpreted liberally in an effort to further the remedial

purposes of legislation that prohibits unlawful employment practices."  Tart v. Hill

Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994).  A complaint may be filed with

regard to any claim that would fall within "the scope of EEOC investigation which

could reasonably be expected to grow out of the charge of discrimination."  Cobb v.

Stringer, 850 F.2d 356, 359 (8th Cir. 1988) (internal quotation omitted).

In this case, Ciuffa's charge with the EEOC indicates that his claims include

age and disability discrimination.  In describing his complaint, he alleges harassment

and constructive discharge.  Additionally, his charge indicates that he believed that

the latest incident of discrimination took place on March 16, 2006.  Although the text

of the form indicates that Ciuffa's employment with Wachovia ended on March 16,

2005, the date typed in the box on the form for the date when the latest

discrimination took place is March 16, 2006.  This typed entry might have been a

typographical error, but for the purposes of this motion, I must accept it as true.

Additionally, Ciuffa alleges that sometime in 2005, the defendant released false

arrest information as a part of its larger pattern of harassment even after he had left the employment of Wachovia. No evidence has been raised as to when in 2005 this release would have occurred, and it may fall within the 300 day window before his EEOC charge. Based on the information before me, I cannot conclude that the last act complained of by Ciuffa in his charge with the EEOC occurred outside the statutory requirement for filing a charge.

Wachovia has not addressed this issue in either its motion or its reply brief. Instead, Wachovia has focused solely upon the final date of Ciuffa's employment, even though Ciuffa raised the issue of a continuing violation in his response. As a result, Wachovia is not entitled to either dismissal or summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Wachovia Securities, Inc.'s motion to dismiss or alternatively for summary judgment [#5] is denied.

This case will be set for a Rule 16 scheduling conference by a separate order entered today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2006.